IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK FORKNER (01) | Case No. 4:21-CR-00268-O |

### DEFENDANT'S MOTION FOR CONTINUANCE OF TRIAL AND ASSOCIATED PRETRIAL DEADLINES AND MOTION FOR AN ORDER FINDING THE CASE COMPLEX UNDER 18 U.S.C. §3161(h)(7)(B)(ii)

TO THE HONORABLE REED O'CONNOR:

NOW COMES the Defendant, MARK FORKNER, by and through undersigned counsel, and files this Motion to Continue Trial Date and Associated Pretrial Deadlines and Motion for an Order Finding the Case Complex Under 18 U.S.C. §3161(h)(7)(B)(ii). In support of such motion, Defendant would respectfully show the Court as follows:

1) The indictment in this case was filed on **October 14, 2021**.

2) On **October 15, 2021** Defendant appeared for initial appearance and arraignment.

3) On the same day the Court entered a Scheduling Order for Criminal Trial and Pretrial Order. (ECF No. 12). The Court's order set this case for jury trial on **Monday, November 15, 2021** and set pretrial deadlines associated with the trial date.

### THE DISCOVERY IN THIS CASE IS VOLUMINOUS.

4) On October 15, 2021 the Government informed Defense Counsel the discovery in this case will include eight separate hard drives containing at least 15.4 million

records totaling 67.2 million pages. The Government has shipped these hard drives which are scheduled to arrive on October 22, 2021. Defense Counsel has been informed the records come from various sources including Boeing, the FAA, the Department of Transportation Office of Inspector General, several airline companies, airline unions, an airline "simulator" maker, banks, phone companies, and over two dozen other individuals.

5) The defense has hired a vendor to host the materials on a database, but it may take the defense a week or more to load these voluminous materials onto a database.

6) Once the materials are loaded onto a database, Defense Counsel will begin thoroughly and diligently reviewing these materials. After this review, Defense Counsel will be able to determine whether it is necessary to subpoena additional materials from Boeing, the Federal Aviation Administration ("FAA"), or other relevant entities.

7) Due to the voluminous nature of the discovery, even if Defense Counsel reviewed 100,000 pages a day (which would not be possible), it would take 672 days—almost two years—to review all the discovery in this case.

8) The government agrees that more time is needed for the defense review these documents in preparation for the defense of this case.

### *THE NATURE OF THE PROSECUTION IN THIS CASE IS COMPLEX.*

9) The Government has alleged in a six-count indictment that Defendant committed fraud involving aircraft parts in violation of Title 18, United States Code, Sections

38(a)(1)(C) and (2) and wire fraud in violation of Title 18, United States Code, Sections 1343 and 2.

10) Factually, this indictment covers a period of years from 2012 through 2019 and concerns the design, development, and certification of the 737 MAX aircraft including, among other areas: the role of numerous engineers and pilots in separate departments at Boeing, the role of employees in different sections of the FAA, and the marketing and sale of the 737 MAX to commercial airline customers of Boeing.

11) In the course of the investigation the Government has interviewed a large number of witnesses.

12) The indictment also references two tragic crashes of the 737 MAX—Lion Air in 2018 and Ethiopian Air in 2019—and the causes of, investigations into, and reaction to those crashes.

13) Legally, the indictment requires a review of complex FAA regulations and orders, as well as the complex statute alleged in Counts 1 and 2—Title 18, United States Code, Sections 38(a)(1)(C) and (2).

14) Because of the complex technical, scientific, and engineering nature of this case, obtaining experts in various fields of expertise is critical. Defense Counsel will need sufficient time to identify these complex technical issues, determine what categories of experts are needed, locate experts in those categories, confer with those experts, and prepare those experts to potentially testify at the trial in this case.

15) Accordingly, the Defendant requests the Court find this case to be complex under 18 U.S.C. §3161(h)(7)(B)(ii) and find the ends of justice outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. §3161(h).

16) The Government is unopposed to the Court making a finding this case is complex.

### *EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS*

17) In order for the Defendant to receive due process as required under the Fifth Amendment and effective assistance of counsel under the Sixth Amendment to the United States Constitution, Defense Counsel will need sufficient time to thoroughly review and analyze these materials to make informed decisions concerning the defense of this case. U.S. Const. amend V and VI.

18) Defense Counsel cannot reasonably review the discovery, locate fact and expert witnesses, interview those witnesses, prepare for trial, and render effective assistance of counsel by November 15, 2021—or even within twelve months. Defense Counsel has not received any discovery as of the filing of this motion. In these extraordinary circumstances, Defendant requests a status conference after April of 2022. Defense Counsel anticipates by that time the parties will be able to provide a report to the Court which will enable the Court to determine an appropriate trial date given the volume of discovery and the complexity of the legal, scientific, and technical issues in this case.

19) The government objects to a status conference after April of 2022 and requests a fixed trial date no later than February 15, 2022. If the Court sets a trial date at this time, the Defendant requests at least one-year to prepare.

### *DEFENSE COUNSEL HAVE NUMEROUS TRIAL CONFLICTS.*

20) Counsel for the Government do not have any upcoming trial setting conflicts. Defense Counsel have the following federal court trial settings within the next year:

| Date | Case Information | Conflicted Attorney |
|---|---|---|
| December 6, 2021 | *United States v. Trang Nguyen, et al.,* Case No. 4:19-cr-234, SDTX<br><br>This is a multi-defendant immigration fraud trial. This case was indicted on April 30, 2019 with 96 defendants. Most defendants have pled guilty; Trang Nguyen has not. The length of trial depends on the number of defendants left at trial with her. | David Gerger |
| January 10, 2022 | *USA v. Noryian, et al.*, 3:17-cr-00155-L, NDTX<br><br>This case is a seven-defendant complex health care fraud case. This case was indicted on March 22, 2017. It is anticipated the trial will last eight weeks. In the Scheduling Order dated October 23, 2020, the Court stated it "will not consider a motion for continuance of this trial setting unless there are exceptional or extraordinary circumstances." ECF No. 289. | Jeff Kearney and Catherine Stanley |
| January 31, 2022 | *United States v. Alan Paull No. 4:20-cr-349,* SDTX<br><br>This is a mail fraud case which was indicted on August 12, 2020. It is anticipated the trial will last two weeks. | David Gerger |
| March 29, 2022 | *United States v. E.I. Du Pont De Nemours* | David Gerger |

| | | |
|---|---|---|
| | *and Co. et al,* Case No. 4:21-CR-00016, SDTX<br><br>This is a complex corporate environmental case alleging violations of the Clean Air Act from 2011-2014 and involving four fatalities at a chemical plant. This case was indicted on January 7, 2021. It is anticipated the trial will last several weeks. | |
| May 23, 2022 | *United States v. Kuykendall, et al.,* 3:20-CR-0002-X, NDTX<br><br>This case is a four-defendant complex health care fraud case. It is anticipated the trial will last at least three weeks. This case was indicted on January 8, 2020. | David Gerger, Jeff Kearney, and Catherine Stanley |

## REQUESTED CONTINUANCE

21) Based on the reasons presented herein, Defendant respectfully requests the Court as follows:

   a. continue the currently scheduled November 15, 2021 trial date and all corresponding pretrial deadlines to be reset in a separate order;

   b. set a status conference after April of 2022 consistent with the Court's schedule for the purpose of determining an appropriate trial date;

   c. find this case to be a complex case under 18 U.S.C. §3161(h)(7)(B)(ii); and

   d. make a finding under 18 U.S.C. §3161(h) the continuance of the trial setting should be excluded from the Speedy Trial limitations for the ends of justice are served by such continuance and the need for the continuance outweighs the best interest of the public and the defendant in a speedy trial.

WHEREFORE, PREMISES CONSIDERED, Defendant herein requests this Court enter an Order continuing the trial date and all other pre-trial deadlines, set a status conference after April of 2022 consistent with the Court's schedule, find this case to be complex under 18 U.S.C. §3161(h)(7)(B)(ii), and determine that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial in accordance with 18 U.S.C. §3161(h).

Respectfully submitted,

/s/ Jeff Kearney
JEFF KEARNEY
Texas Bar Number: 11139500
CATHERINE STANLEY
Texas Bar Number: 24110542
KEARNEY LAW FIRM
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, Texas 76107
jkearney@kearneylawfirm.com
cstanley@kearneylawfirm.com
Phone: 8l7-336-5600
Fax: 817-336-5610

/s/ David Gerger
David Gerger
State Bar No: 07816360
GERGER HENNESSY & MCFARLANE LLP
1001 Fannin, Suite 2450
Houston, Texas 77002
dgerger@ghmfirm.com
Phone: 713-224-4400
Fax: 713-224-5153

## CERTIFICATE OF CONFERENCE

I hereby certify undersigned counsel conferred with Assistant United States Attorney Cory Jacobs, who stated the Government does not oppose a continuance or a finding the case is complex but asks the Court to set a trial date no later than February 15, 2022. The Government will file a response to this motion.

/s/
JEFF KEARNEY

## CERTIFICATE OF SERVICE

I hereby certify this Motion was electronically filed, and Assistant United States Cory Jacobs was electronically served via this Court's Electronic Filing System on this 22nd day of October 2021.

/s/
JEFF KEARNEY