IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00268-O |
| MARK A. FORKNER (01) | |

### UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION FOR CONTINUANCE OF TRIAL AND ASSOCIATED PRETRIAL DEADLINES AND MOTION FOR AN ORDER FINDING THE CASE COMPLEX UNDER 18 U.S.C. § 3161(h)(7)(B)(ii)

The United States of America, by and through undersigned counsel, respectfully submits the following response to the defendant's Motion for Continuance of Trial and Associated Pretrial Deadlines and Motion for an Order Finding the Case Complex under 18 U.S.C. § 3161(h)(7)(B)(ii):

The United States does not oppose the defendant's position that the case is complex under 18 U.S.C. § 3161. Nor would the United States oppose a reasonable continuance of the November 15, 2021, trial date. The United States does oppose the defendant's request for a continuance until after April 2022 for the parties to provide a report to the Court for the purpose of determining an appropriate trial date.

The United States defers to the Court to set a new trial date within a reasonable period of time, and notes, pursuant to the Court's Scheduling Order, that the United States can be available for trial over the ninety-day period following the currently scheduled trial date (*i.e.*, through February 15, 2021). The United States submits the following to aid the Court in assessing what continuance would be reasonable under the circumstances.

## DISCUSSION

I.      **The United States' Efforts to Assist the Defendant's Review of Discovery**

Delivered to the defendant this morning were 8 hard drives containing more than 15.4 million documents. To assist the defendant's review of discovery, the United States provided a detailed index summarizing all of the materials therein, and identified approximately 16,000 "hot documents" by Bates range. In addition, the discovery materials themselves were provided in a searchable format that facilitates the defense's review in a document-review database.

The United States has already represented to the defense that its case-in-chief can be presented in one week or less. While the discovery produced by the United States is voluminous, and even the 16,000 "hot documents" identified for the defense are substantial, the documents the United States currently intends to use and reference in its case-in-chief will be substantially smaller and more manageable. Further, while the Court's Scheduling Order requires the parties to file separate lists of exhibits and witnesses no later than the Thursday prior to trial, the United States anticipates being able to provide these items well before that date.

Accordingly, while the United States does not oppose the defendant's request for a reasonable continuance, the defendant's request for a status conference after April 2022—without a firm trial date—is not reasonable given the steps that the United States has taken to facilitate the defendant's trial preparation in this case.

## II.     The Complexity of the Case Under 18 U.S.C. § 3161

The United States does not oppose the defendant's position that this case is unusual or complex and that, as such, the Court should grant a reasonable continuance. Nonetheless, in light of the United States' above-described efforts to facilitate the defendant's trial preparation, the defendant's request for a status conference after April 2022 is not reasonable.

## III.    Effective Assistance of Counsel and Due Process

The United States is mindful of the defendant's right to effective assistance of counsel and due process. The United States is aware that at least one of the defendant's current attorneys, David Gerger, has been representing the defendant in connection with this case and related investigations since at least March 2019. The United States has had several discussions with Mr. Gerger about the factual issues raised in this case, and understands that the defense has had access to at least some of the defendant's custodial files from his former employer, The Boeing Company, during this investigation.

As such, the United States opposes the defendant's request for a status conference after April 2022 to provide the Court with a report of its efforts to "locate fact and expert witnesses, interview those witnesses, prepare for trial, and render effective assistance of counsel" that will "enable the Court to determine an appropriate trial date."

## Conclusion

For the foregoing reasons, the United States opposes the defendants' motion to set a status conference after April 2022 and defers to the Court to set a new trial date within a reasonable period of time.

Respectfully submitted,

| | |
|---|---|
| JOSEPH S. BEEMSTERBOER<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>Acting United States Attorney<br>Northern District of Texas |
| By: *s/ Cory E. Jacobs*<br>Cory E. Jacobs, Trial Attorney<br>New York Bar No. 4761953<br>cory.jacobs@usdoj.gov | By: *s/ Alex C. Lewis*<br>Alex C. Lewis, Assistant U.S. Attorney<br>Missouri Bar No. 47910<br>alex.lewis@usdoj.gov |
| Michael T. O'Neill, Assistant Chief<br>New York Bar No. 4689782<br>michael.t.oneill@usdoj.gov | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |
| Scott Armstrong, Trial Attorney<br>District of Columbia Bar No. 993851<br>scott.armstrong@usdoj.gov | |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | |