IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK FORKNER (01) | Case No. 4:21-CR-00268-O |

## REPLY IN SUPPORT OF A CONTINUANCE

MARK FORKNER offers this reply in support of his continuance motion in order to inform the Court of additional reasons why a continuance is necessary to prepare an adequate defense.

Pretrial motions are currently due November 15, less that one week from today, as is the defense's response to the omnibus motion in limine that the government filed last night. The defense has recently engaged Charles J. Cooper, Davis Cooper, and Joseph Masterman of Cooper & Kirk, PLLC, to assist with these and other filings.

The indictment raises many serious legal issues, some of which are apparent on its face. The defense has already identified some of these issues to the Court, but additional issues are also being researched. The indictment was returned less than one month ago and presents novel, highly complex fraud claims. Indeed, the government's theory of fraud is that Mr. Forkner made statements to the FAA's Aircraft Evaluation Group ("AEG") that were literally true—and for which he was not charged under either 18 U.S.C. §§ 1001 or 371—but that allegedly "misled" the AEG to publish incomplete training materials for the Boeing 737 MAX, which in turn allegedly defrauded two airline companies into purchasing

a plane that they would not otherwise have purchased. Given the mountain of materials that the government has produced, and the host of pretrial tasks facing the existing defense team, the defense has engaged additional counsel. But even with this needed assistance, the defense is not able to adequately present these important issues to the Court on the current schedule.

Nor is it possible for the defense to adequately prepare its response to the government's motion in limine in less than a week. The theory of that motion is, essentially, that the defense should be precluded from arguing (1) that the AEG and the airlines were not in fact misled about MCAS (what the government calls "victim blaming"), and (2) that Mr. Forkner himself is the innocent victim of a prosecution in search of a defendant. But of course, whether the AEG was misled, as the government alleges, requires a detailed review of discovery, including what the AEG learned from others at the FAA and at Boeing. And whether Mr. Forkner should have said more to the AEG about MCAS, as the government alleges, requires a detailed review of what he knew about MCAS, including all that he was told—*and not told*—by Boeing officials who knew much more about MCAS than he did.

The government cannot simply insist that its allegations go untested, and the defense expects in its response to identify the types of evidence that will be relevant to those allegations. But the defense cannot even begin to get a handle on that evidence over the coming week. The government produced 67,000,000 pages of discovery after Mr. Forkner was arraigned—again, less than a month ago—the vast bulk of which the defense did not previously have access. All documents are now being loaded into a searchable database,

which is not expected to be available until around November 15.

The government notes that, six days ago, it produced about 16,000 purportedly "hot documents." But even that production amounts to 316,543 pages, and while this is a smaller haystack, it is still a haystack. Meanwhile, the government has told the defense that there is no *Brady* evidence whatsoever. Yet the defense has already found important exculpatory leads in reviewing just a fraction of those 316,543 pages.

Defense counsel also have an obligation to their client to seek further relevant information, which counsel have been diligently pursuing. Yesterday, the defense sent discovery requests to the government and to Boeing, asking them to produce or to identify specific favorable categories of evidence. The defense is preparing a similar request to the FAA. The government has made clear that this request to the FAA will need to go through the agency's *Touhy* approval process. *See* 49 C.F.R. § 9.1 *et seq*.

In sum, this case involves complex issues and voluminous discovery that is far from complete. The government's charges will require significant labor to rebut, including from the additional counsel who have just been brought into this case. The government cannot and does not claim that it would be prejudiced by a reasonable continuance. The prejudice that the current schedule imposes on Mr. Forkner, however, is severe and will disable him from adequately defending himself.

Respectfully submitted,

*/s/ Jeff Kearney*
JEFF KEARNEY
Texas Bar Number: 11139500
CATHERINE STANLEY
Texas Bar Number: 24110542
KEARNEY LAW FIRM
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, Texas 76107
jkearney@kearneylawfirm.com
cstanley@kearneylawfirm.com
Phone: 8l7-336-5600
Fax: 817-336-5610

/s/ *David Gerger*
David Gerger
State Bar No: 07816360
GERGER HENNESSY & MCFARLANE LLP
1001 Fannin, Suite 2450
Houston, Texas 77002
dgerger@ghmfirm.com
Phone: 713-224-4400
Fax: 713-224-5153

### *CERTIFICATE OF SERVICE*

I hereby certify this Motion was electronically filed, and Assistant United States Cory Jacobs was electronically served via this Court's Electronic Filing System on this 9th day of November 2021.

/s/
JEFF KEARNEY