IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 4:21-CR-00268-O |
| | § | |
| MARK A. FORKNER (01) | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion for Bill of Particulars (ECF No. 63), filed December 15, 2021; the Government's Response (ECF No. 73), filed December 20; and Defendant's Reply (ECF No. 78), filed December 22. Defendant requests five particulars: (1) what was false about what writings in Counts One and Two; (2) what was false in the communications in Counts Three through Six; (3) what money or property was involved in Counts Three through Six; (4) who aided and abetted Defendant; (5) what properties are subject to forfeiture. The motion is **GRANTED in part** and **DENIED in part**.

The Court has the power to direct the Government to file a bill of particulars under Federal Rule of Criminal Procedure 7(f). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). "A defendant possesses no right to a bill of particulars and the decision on the motion lies within the discretion of the court." *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980) (citing *Will v. United States*, 389 U.S. 90 (1967)). The determination is "seldom subject to precise line drawing." *United States v. Davis*, 582 F.2d 947,

1

951 (5th Cir. 1978). "More often it is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge." *Id.*

Defendant's first two requests demand specific information about the Government's fraud charges. The Government charges Defendant with two counts of fraud involving aircraft parts and four counts of wire fraud. *See* Ind., ECF No. 1. The fourteen-page indictment contains an overview of the FAA, Boeing, the two airlines at issue, MCAS, Defendant, Defendant's duties with respect to the FAA, and Defendant's allegedly fraudulent scheme. *Id.* The indictment contains quotes from Defendant's emails, information about FAA reports, and specific statements the Government says were false. *Id.* at 6–9. As just one example, the indictment claims:

> [O]n or about November 22, 2016 . . . [Defendant] caused Boeing to send to the FAA AEG proposed edits to the FAA AEG's draft 737 MAX FSB Report. In these edits, [Defendant] proposed that the FAA AEG delete any reference to MCAS and stated that "[w]e agreed to not reference MCAS since it's outside [the] normal operating envelope." This representation was materially false because [Defendant] knew that the FAA AEG had "agreed to not reference MCAS" based on outdated and incorrect information that MCAS was designed to operate during high-speed, wind-up turns. At the same time that he proposed that the FAA AEG delete MCAS from the 737 MAX FSB Report, [Defendant] withheld the true, accurate, and complete information about MCAS's low-speed expansion from the FAA AEG.

*Id.* at 9. The indictment contains several such examples.

The Court finds that the Government has provided sufficient information to avoid Defendants being surprised at trial. A bill of particulars "is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). A bill of particulars "is not designed to compel the government to [provide] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Burgin*, 621 F.2d at 1359. Moreover, "the indictment contain[s] the essential information," and Defendant "received open discovery by

2

review of the government file"—two facts that favor denying the motion. *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989). The Court therefore **DENIES** the first two requests.

Defendant's third request is that the Government specify the money and property that Mr. Forkner allegedly schemed to obtain. The Court finds that here, too, the indictment is sufficient. *See Moody*, 923 F.2d at 351. The indictment alleges that Defendant knew his schemes would benefit Boeing to the tune of "tens of millions of dollars." Ind. 6, ECF No. 1 (internal quotation marks omitted). The indictment spells out how Boeing would profit from the scheme and discusses the payments and invoices made in reliance on that scheme. *Id.* at 6. Also, the Court again emphasizes that the Government has provided open-file discovery, as well as the names of its anticipated witnesses, preliminary exhibits, and other pretrial materials. "It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *Vasquez*, 867 F.2d at 874. The Court therefore **DENIES** the third request.

Defendant's fourth request is that the Government specify who "aided and abetted" Defendant under 18 U.S.C. § 2. The Government's response nearly obviates the need for the Court to rule on this request. The Government clarified that "it is relying on the 'willfully causes' prong of Section 2(b) and not the 'aiding-and-abetting' prong of Section 2(a)." Gov't Resp. 7, ECF No. 73. The Government is not alleging anyone aided and abetted Defendant, so it need not identify any co-conspirators. Defendant replies that, setting aside the "aiding-and-abetting" prong, the Government still must specify what the statements were, why they were false, who made them, and how Defendant caused them to be made. Def.'s Reply 6, ECF No. 78. The Court has already recounted the indictment's detailed information on these issues. *See* Ind. 6–9, ECF No. 1. The

3

indictment, plus the pretrial disclosures and filings, assure the Court that Defendant will not be surprised at trial. *Mackey*, 551 F.2d at 970. The Court therefore **DENIES** the fourth request.

Defendant's fifth request is that the government specify what property is allegedly subject to forfeiture. "The indictment . . . need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a). "The court can, however, direct that the government file a bill of particulars identifying the specific items of property that it asserts are subject to forfeiture." *United States v. Simpson*, No. 3:09-CR-249, 2011 WL 2880885, at *16 (N.D. Tex. July 15, 2011). The Court finds that a bill of particulars is appropriate to provide Defendant the opportunity to prepare a defense and avoid undue surprise. The Court therefore **GRANTS** Defendant's fifth request and **ORDERS** the Government to file a bill of particulars that identifies all property allegedly constituting, or derived from, proceeds of the offenses charged in Counts One through Six.

Defendant urges the Court to follow nonbinding authority in which courts have ordered bills of particulars. But the cases Defendant cites, even if well-reasoned, are different from this one. *See, e.g.*, *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (ordering a bill of particulars in a fifteen-count election-fraud indictment in part "because portions of the indictment are difficult to follow" and the three counts alleging false statements were "particularly enigmatic"); *United States v. Thevis*, 474 F. Supp. 117, 122 (N.D. Ga. 1979) (addressing 336 particulars requested in a complex multi-defendant RICO case and expressed concerns that parts of the indictment were "insufficiently clear"), *aff'd*, 665 F.2d 616 (5th Cir. 1982).

The Court emphasizes that its discretionary decision is "tailored to fit the facts" of this case. *Davis*, 582 F.2d at 951. Defendant is charged with six counts of fraud. The Government's theory is specific: "[D]efendant deceived the FAA AEG and Boeing's U.S.-based airline

4

customers . . . in connection with the FAA AEG's evaluation of MCAS for purposes of pilot training for U.S.-based airlines flying the 737 MAX." Gov't Resp. 3, ECF No. 73. The indictment details the scheme and includes factual allegations about those involved, Defendant's role, specific statements, and why those statements were false. The Government has provided Defendant with an open, searchable file. It has set aside several thousand "hot documents" for Defendant's attention. The Government has also provided Defendant with evidence it intends to present as part of its case in chief, including interview reports, the names of those referenced anonymously in the indictment, the names of anticipated witnesses, notes and reports of witness interviews, and exhibits. Defendant has filed extensive pretrial motions demonstrating familiarity with the case. Both sides have filed numerous briefs discussing the evidence and legal theories, crystallizing the issues, and developing their cases. Under these facts, the Court is assured that Defendant will not be surprised at trial.

Accordingly, the Court **GRANTS** Defendant's fifth request and **ORDERS** the Government to file a bill of particulars that identifies all property allegedly constituting, or derived from, proceeds of the offenses charged in Counts One through Six. The Court **DENIES** the remaining requests in Defendant's Motion for Bill of Particulars (ECF No. 63).

**SO ORDERED** this **4th day** of **January, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE