IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK FORKNER (01) | Case No. 4:21-CR-00268-O |

## POSITION OF MR. FORKNER ON (1) DISCLOSURES TO THE FAA AND (2) CRASHES

1.

At a bench conference on March 18, 2022, the Court inquired whether Boeing's disclosures to the FAA are still relevant. Mr. Forkner adopts his prior briefing and here notes three reasons they are relevant: (1) whether Ms. Klein knew about low speed; (2) whether low speed was material; and (3) whether it is plausible that Mr. Forkner could intend to hide low speed MCAS. Ms. Klein was personally invited to several meetings where low speed MCAS was discussed. See e.g. Def. Ex. 12A-C, 14A-D, 20A-C, 21A-C. In some cases, she was a "required" attendee by her boss. Similarly, disclosures to Ms. Klein's close colleagues at the FAA bear on these issues—especially because Ms. Klein worked so closely with them—often learning about issues that Mr. Forkner did not. See Def. Ex. 8 (she works closely), 13A-C, 16B-D, 19A-C (she is invited to disclosures). Widespread knowledge at the FAA 737Max team makes it less likely that Mr. Forkner could think he could hide MCAS from Ms. Klein. In addition, that MCAS was known to

Ms. Klein—or even to the FAA certification office—bear on materiality—if they knew about MCAS and did not require training for it.

2.

The Court inquired whether the crashes are still relevant. The government has submitted a proposed instruction to be given to the jury. Still, *brief* evidence about the crashes and their causes is relevant to the defense, for at least two reasons. First, after the first crash, Ms. Klein evaluated the causes of the crash and determined that simulator training on MCAS was not required. *See* e.g. Def. Ex. 187 (Ms. Klein discussing the causes of the crash on November 7, 2018). That evidence is relevant to materiality. Second, the crashes and their causes are also relevant to the credibility of witness David Loffing, as previously briefed. He was Chief Engineer of the 737MAX from 2014-2017, when MCAS was modified, and his team designed the plane to rely on a single, non-redundant AOA sensor based on assumptions about pilot reactions that were inaccurate. He was a subject of the investigation—we say up until he "remembered" a damaging conversation to Mr. Forkner for which there is no physical evidence. He and Boeing had a motive to curry favor because of the crashes and their causes.

Respectfully submitted,

*/s/ Jeff Kearney*
JEFF KEARNEY
Texas Bar Number: 11139500
CATHERINE STANLEY
Texas Bar Number: 24110542
KEARNEY LAW FIRM
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, Texas 76107
jkearney@kearneylawfirm.com
cstanley@kearneylawfirm.com
Phone: 8l7-336-5600
Fax: 817-336-5610

 /s/ *David Gerger*
 David Gerger
 State Bar No: 07816360
 Ashlee McFarlane
 State Bar No: 24070243
 Matt Hennessy
 State Bar No: 00787677
 Jon Liroff
 State Bar No. 24092705
 GERGER HENNESSY & MCFARLANE LLP
 1001 Fannin, Suite 2450
 Houston, Texas 77002
 dgerger@ghmfirm.com
 Phone: 713-224-4400
 Fax: 713-224-5153

## *CERTIFICATE OF CONFERENCE*

The government has opposed admission of the disclosures and the crashes.

/s/
JEFF KEARNEY

## *CERTIFICATE OF SERVICE*

I hereby certify this Motion was electronically filed, and Assistant United States Cory Jacobs was electronically served via this Court's Electronic Filing System on the day of filing.

/s/
JEFF KEARNEY

4