IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **No. 4:21-CR-00268-O** |
| MARK A. FORKNER (01) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S POSITION ON DISCLOSURE TO THE FAA

The United States, by and through its undersigned counsel, respectfully responds to the defendant's Position on Disclosure to the FAA.  ECF No. 179 ("FAA Mot.").  In light of remarks made by the defendant's counsel during opening statement, the Court should preclude such irrelevant and inadmissible evidence, and should issue a curative instruction reminding the jury about the issues that they are to decide and the impermissible bases upon which they may not render a verdict.[1]

The defendant either knew about MCAS's low-speed expansion or he did not.  He cannot have it both ways.  In his opening statement, his counsel repeatedly told the jury that the defendant *did not know* about MCAS's low-speed expansion.

> If the Boeing engineers didn't tell Mr. Forkner about it, and if his official engineering document, which you will see, had the old, wrong MCAS in it for this entire time, which you will see, had the old, wrong MCAS in it for this entire time, and if the engineering document that was updated was never sent to Mr. Forkner, what's the evidence they're talking about?

---

[1] The United States is mindful of the Court's Order on its Motion in Limine regarding victim blaming (finding that evidence of disclosures to the FAA other than to the FAA AEG may have had some relevance).  But the United States respectfully submits that the defendant's position in his opening statement has dispensed with whatever relevance such disclosures may previously have had.  As such, the United States respectfully submits this response and requests the relief sought herein.

Tr. at 156 ¶¶ 1-6.

Now, you've already seen from the official documents that Mr. Forkner had no reason to believe MCAS changed and every reason to believe it had not changed.
Tr. at 157 ¶¶ 1-3.

And when the engineers gave him that answer in March of 2016, they did not tell him they were changing MCAS that way.  Because in their minds, it was still outside the normal operating envelope, and they didn't tell Mr. Forkner.

Tr. at 166 ¶¶ 21-24.

And finally, eventually Mr. Forkner said to the engineers, I'm going to ask Ms. Klein to take it out.  And they never told him that they were changing MCAS.

Tr. at 167 ¶¶ 14-16.

And that's how it went until Mr. Forkner decided in 2018 that he would leave Southwest [*sic*].

Tr. at 167 ¶¶ 23-24.

And if they never gave him the complete information, that's not guilty.  But the answer to all of those three is no.

Tr. at 171, ¶¶ 23-25.

But in his Position, the defendant argues (among other things) that what *others* at the FAA were told about MCAS's low-speed expansion by *others* at Boeing bears on "whether it is plausible that Mr. Forkner could intend to hide low speed MCAS" from the FAA AEG, and makes it "less likely that Mr. Forkner could think he could hide MCAS from Ms. Klein."  FAA Mot. at 1.  All of this necessary assumes that the defendant *did know* about MCAS's low-speed expansion.

The defendant is now trying to disclaim knowledge of MCAS's low-speed expansion, while continuing to improperly blame the FAA AEG in front of the jury for not having learned about MCAS's low-speed expansion from others at the FAA.  This position cannot be reconciled.

The only way that disclosure of MCAS's low-speed expansion by others at Boeing (*i.e.*, not the defendant) to others at the FAA (*i.e.*, not the FAA AEG) would be relevant is if the defendant were arguing that he *knew* about MCAS's low-speed expansion, but relied on those disclosures when not disclosing this information to the FAA AEG himself.  But since the defendant, through his counsel's opening statement, repeatedly told the jury that he *did not know* about MCAS's low-speed expansion, he should not be permitted to argue that those other disclosures are relevant.

While the United States previously raised this issue with the Court, the issue is now ripe in light of the defendant's opening statement.   As such, the Court should promptly end the defendant's continued efforts to improperly blame the victims of his fraud rather than allowing the defendant to proceed and hoping to cure the prejudice with a brief post-hoc jury instruction.  *See, e.g.*, *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) (citations omitted) ("The victim's negligence is not a defense to criminal conduct.  The truth about virtually every scheme to defraud could be obtained if the gull were clever and diligent enough") (citing *Lemon v. United States*, 278 F.2d 369, 373 (9th Cir. 1960) ("Even the monumental credulity of the victim is no shield for the accused")) (cleaned up); *United States v. Richards*, 204 F.3d 177, 205 (5th Cir. 2000) (upholding district court's jury instructions that what is at issue is whether the defendant "knowingly made false or fraudulent representations to others with the intent to deceive them") (cleaned up); *United States v. Brechtel*, 997 F.2d 1108, 1113-1114 (5th Cir. 1993) (holding that the district court did not abuse its discretion in excluding proffered testimony of defendant's stockbroker regarding defendant's habitual passivity in his investing despite some potential relevance to defendant's mental state, emphasizing evidence's "questionable relevance, low probative value and potential for jury confusion"); *United States v. Evans*, 892 F.3d 692, 712 (5th Cir. 2018) (explaining that materiality "focuses on the intrinsic qualities of the statement itself and transcends the immediate

circumstances in which it was offered") (internal quotation marks and brackets omitted); *United States v. Winkle*, 477 F.3d 407 (6th Cir. 2007) (upholding the exclusion of an FDIC report that laid blame on the victim financial institution for failing to detect fraud); *United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007) ("[T]he perpetrator of a fraud may not defend himself by blaming the victim for being duped" and holding that the defendant's "intent is not an appropriate subject for expert testimony, and [the defendant] does not claim that the expert had personal knowledge regarding what [the defendant] knew, nor when. Therefore, the district court did not abuse its discretion by excluding the expert witness") (citing *United States v. Thomas,* 377 F.3d 232, 243 (2d. Cir. 2004) (collecting cases)); *United States v. Powell*, 509 Fed. App'x 958, 967 (11th Cir. 2013) (holding that "[w]hether the lenders in this case knew or should have known that the loan applications were fraudulent is of no consequence to this action" because "[i]t has no bearing on . . . [the defendant's] . . . intent to participate in the . . . fraud scheme" and that likewise irrelevant was ""[w]hether the lenders were motivated by profit or did, in fact, profit from [the defendant]'s efforts," and "whether the lenders negligently created an environment of lax lending standards") (citing *United States v. Svete*, 556 F.3d 1157, 1167 (11th Cir. 2009)); *United States v. Thomas*, Crim. Action Nos. 06-30031-01, 06-30031-02,  2007 WL 3341052, at *1–2, (W.D. La. Nov. 6, 2007) (granting the government's motion in limine to exclude irrelevant victim-blaming evidence); *United States v. Ruzicka*, 2018 WL 385422, at *6, Criminal No. 16–246 (D. Minn. Jan. 11, 2018) (noting that Courts frequently exclude evidence that places the blame on the purported victim of fraud, and denying the defendant's efforts to introduce victim-blaming evidence because "the Court is concerned that admitting evidence of [the victim's] duty of care would confuse the jury by suggesting that any failure to abide by this duty of care excused Defendants' fraudulent conduct").

Given defense counsel's opening statement, the Court should also read the jury the following instruction before beginning testimony or as soon as practicable, which is found in the Fifth Circuit Pattern Jury Instructions and the proposed jury instruction of the United States:

> In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

Pattern Jury Instructions, Fifth Circuit, 1.40 (Materiality) (2019 ed.).

The defendant's recent filing only confirms that he seeks to continue this argument—one that his opening statement has definitively made irrelevant and impermissible—by foisting upon the jury inadmissible evidence of purported knowledge by the FAA of the low-speed expansion into this case. *See* FAA Mot. at 1. The defendant claims there are purported meetings where MCAS's low-speed expansion was shared with Ms. Klein. *See,* DX 12 A-C, 14 A-D, 20 A-C, 21A-C. But these noticed exhibits are internal meetings at the FAA, and Mr. Forkner appears nowhere on these documents. Absent any evidence that the defendant attended these meetings, knew of these meetings at the time, or relied on these meetings at the time for not disclosing the low-speed expansion of MCAS to Ms. Klein, it is axiomatic that this evidence is not relevant to Mr. Forkner's state of mind. *Cf.* FAA Mot. at 1. This is particularly so now that the defendant's opening statement has completely disclaimed any knowledge of MCAS's low-speed expansion at the time. Further, to the extent Mr. Forkner seeks to offer these meetings to show that Ms. Klein *should* have found out about MCAS, that is precisely the kind of irrelevant and improper victim-blaming evidence and argument that should be precluded. *See, e.g.*, *Kreimer*, 609 F.2d at 132.

## **Conclusion**

For the foregoing reasons, the Court should provide the relief sought by the United States.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By: *s/ Cory E. Jacobs*
Cory E. Jacobs, Assistant Chief
New York Bar No. 4761953
cory.jacobs@usdoj.gov

Michael T. O'Neill, Assistant Chief
New York Bar No. 4689782
michael.t.oneill@usdoj.gov

Scott Armstrong, Assistant Chief
District of Columbia Bar No. 993851
scott.armstrong@usdoj.gov

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
202-514-2000

CHAD E. MEACHAM
United States Attorney
Northern District of Texas

By: *s/ Alex C. Lewis*
Alex C. Lewis, Assistant U.S. Attorney
Missouri Bar No. 47910
alex.lewis@usdoj.gov

United States Attorney's Office
Northern District of Texas
801 Cherry Street, 17th Floor
Fort Worth, TX 76102
817-252-5200