IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-00268-O |
| MARK A. FORKNER (01) | |

### UNITED STATES' RENEWED REQUEST FOR A CURATIVE INSTRUCTION

The United States, by and through its undersigned counsel, respectfully renews its request for another curative instruction. Yesterday, the United States sought a curative instruction in light of defense counsel's suggestive remarks during opening statement blaming the FAA AEG for not knowing about MCAS's low-speed expansion. This morning, the Court granted that request, and read the jury the following curative instruction:

> In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

Pattern Jury Instructions, Fifth Circuit, 1.40 (Materiality) (2019 ed.).

In light of defense's remarks during cross-examination today, another curative instruction is warranted. In cross-examination of Ms. Klein today, the defense engaged in victim blaming in front of the jury:

> Why didn't you send a delegate to attend in your place?
>
> Tr. Vol. 2 at 281 ¶¶ 14-15.
>
> Okay. You talked about when you saw the chat, where it says, it's down to low-speed, that you were angry, and you were sad, that you were appalled. How come no one could tell you. Are you angry, sad and appalled that you just found out you missed four meetings when you could have learned of low-speed MCAS?
>
> Tr. Vol. 2 at 284 ¶¶ 11-17.

1

These remarks did not establish that Ms. Klein had any actual knowledge of MCAS's low-speed expansion but plainly invited the jury to infer that Ms. Klein *should have known—i.e.*, was negligent and should be blamed in not knowing—about the expansion by attending meetings to which she may have been invited. Accordingly, the Court should issue a curative instruction reminding the jury about the issues that they are to decide and the impermissible bases upon which they may not render a verdict. *See, e.g.*, *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) (citations omitted) ("The victim's negligence is not a defense to criminal conduct. The truth about virtually every scheme to defraud could be obtained if the gull were clever and diligent enough") (citing *Lemon v. United States*, 278 F.2d 369, 373 (9th Cir. 1960) ("Even the monumental credulity of the victim is no shield for the accused")) (cleaned up); *United States v. Richards*, 204 F.3d 177, 205 (5th Cir. 2000) (upholding district court's jury instructions that what is at issue is whether the defendant "knowingly made false or fraudulent representations to others with the intent to deceive them") (cleaned up); *United States v. Brechtel*, 997 F.2d 1108, 1113-1114 (5th Cir. 1993) (holding that the district court did not abuse its discretion in excluding proffered testimony of defendant's stockbroker regarding defendant's habitual passivity in his investing despite some potential relevance to defendant's mental state, emphasizing evidence's "questionable relevance, low probative value and potential for jury confusion"); *United States v. Evans*, 892 F.3d 692, 712 (5th Cir. 2018) (explaining that materiality "focuses on the intrinsic qualities of the statement itself and transcends the immediate circumstances in which it was offered") (internal quotation marks and brackets omitted); *United States v. Winkle*, 477 F.3d 407 (6th Cir. 2007) (upholding the exclusion of an FDIC report that laid blame on the victim financial institution for failing to detect fraud); *United States v. Serfling*, 504 F.3d 672, 679 (7th Cir. 2007) ("[T]he perpetrator of a fraud may not defend himself by blaming the victim for being duped" and

holding that the defendant's "intent is not an appropriate subject for expert testimony, and [the defendant] does not claim that the expert had personal knowledge regarding what [the defendant] knew, nor when. Therefore, the district court did not abuse its discretion by excluding the expert witness") (citing *United States v. Thomas,* 377 F.3d 232, 243 (2d. Cir. 2004) (collecting cases)); *United States v. Powell*, 509 Fed. App'x 958, 967 (11th Cir. 2013) (holding that "[w]hether the lenders in this case knew or should have known that the loan applications were fraudulent is of no consequence to this action" because "[i]t has no bearing on . . . [the defendant's] . . . intent to participate in the . . . fraud scheme" and that likewise irrelevant was ""[w]hether the lenders were motivated by profit or did, in fact, profit from [the defendant]'s efforts," and "whether the lenders negligently created an environment of lax lending standards") (citing *United States v. Svete*, 556 F.3d 1157, 1167 (11th Cir. 2009)); *United States v. Thomas*, Crim. Action Nos. 06-30031-01, 06-30031-02, 2007 WL 3341052, at *1–2, (W.D. La. Nov. 6, 2007) (granting the government's motion in limine to exclude irrelevant victim-blaming evidence); *United States v. Ruzicka*, 2018 WL 385422, at *6, Criminal No. 16–246 (D. Minn. Jan. 11, 2018) (noting that Courts frequently exclude evidence that places the blame on the purported victim of fraud, and denying the defendant's efforts to introduce victim-blaming evidence because "the Court is concerned that admitting evidence of [the victim's] duty of care would confuse the jury by suggesting that any failure to abide by this duty of care excused Defendants' fraudulent conduct").

*   *   *

## Conclusion

For the foregoing reasons, the Court should provide the relief sought by the United States.

Respectfully submitted,

| | |
|---|---|
| JOSEPH S. BEEMSTERBOER<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice | CHAD E. MEACHAM<br>United States Attorney<br>Northern District of Texas |
| By: *s/ Cory E. Jacobs*<br>Cory E. Jacobs, Assistant Chief<br>New York Bar No. 4761953<br>cory.jacobs@usdoj.gov | By: *s/ Alex C. Lewis*<br>Alex C. Lewis, Assistant U.S. Attorney<br>Missouri Bar No. 47910<br>alex.lewis@usdoj.gov |
| Michael T. O'Neill, Assistant Chief<br>New York Bar No. 4689782<br>michael.t.oneill@usdoj.gov | United States Attorney's Office<br>Northern District of Texas<br>801 Cherry Street, 17th Floor<br>Fort Worth, TX 76102<br>817-252-5200 |
| Scott Armstrong, Assistant Chief<br>District of Columbia Bar No. 993851<br>scott.armstrong@usdoj.gov | |
| United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>202-514-2000 | |

## Certificate Of Conference

I certify that I conferred with counsel for the defendant, David Gerger, who stated that if such an instruction is given, the defendant also requests an instruction that: Evidence that Boeing presented Low Speed MCAS to the FAA, and that Ms. Klein was invited to those presentations or received the presentations, is relevant to whether she knew about Low Speed MCAS, as well as materiality, as well as Ms. Klein's credibility. In addition, the government claims that Mr. Forkner knew about Low Speed MCAS and intended to hide it from her. Evidence that Boeing presented Low Speed MCAS to the FAA is also relevant to whether he had that intent.

The United States objects to this instruction.